## CARRIGAN *v.* DE NEUFBOURG.

The fact that the owner of a lot had already built a wooden house on it, leaving a space for a passage between the house and the division line, will not deprive the owner of a contiguous lot of the right given, by art. 671 of the Code, to the owner who first builds in a city, town, or their suburbs, in a place which is not surrounded by walls, of resting one half of his wall on the land of his neighbor, provided he builds with stone or brick at least as high as the first story, provided the whole thickness of the wall do not exceed eighteen inches, not including the plastering, which must not be more than three inches. Art. 671 establishes a servitude with which urban property is encumbered, without reference to title or the agreements of parties. C. C. 662, 670.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*. J. *Preston*, for the plaintiff. Plaintiff's lot is entirely surrounded by a fence on his own ground alone; the pavement of his alley extends to his very line; the roof of his house to the same, and his cistern and its foundation to the same line. His whole ground was, therefore, occupied and surrounded before the defendant commenced building his house, or erecting his walls. But article 671 of the Code gives the right to build a party wall only to the proprietor who first builds in cities or towns. The right is by no means given to him who purchases along side of property already built upon. In this case the plaintiff had enclosed and improved the whole of his ground with buildings and a wooden fence, before the defendant purchased his ground. The article of the Code derogates from the right of property, and should, therefore, be strictly construed.

The first wall mentioned in the article is a generic term, equivalent to enclosure, and means a brick or wooden wall.

*Dufour*, for the appellant. Although the plaintiff first built upon his lot, still his property was not surrounded by walls, and, therefore, the defendant's right to erect a party wall on the dividing line was in no wise abridged. When the latter proceeded afterwards to build upon the adjoining lot, he found the place surrounded only by a fence, and he accordingly planned his building under the full guarantee afforded in such circumstances, by article 671 of the Code. No other reasonable construction can be put upon this article. Indeed, the question is no longer an open one. The Supreme Court of this State have already passed upon cases entirely parallel to the one under consideration. "The object of the legislature was clearly to promote the inclosure of lots, with stone or brick walls, as much as possible; and the circumstance of a house having been already erected on the adjoining lot, does not preclude the party from the benefit of the provision, when the partition or wall does not interfere with any building previously erected." *Larche* v. *Jackson*, 9 Mart. 726. "The evidence shows that the plaintiff had built first, and that the place was not surrounded by a wall. The

plaintiff, indeed, proved that, anterior to the time the defendant commenced this work, a wall had been built on the lot of the former, a few feet from the dividing line. But the walls erected by a proprietor on his property, which still leave a space between them and his neighbors, cannot be considered as surrounding the premises; they are not division walls, and it is only those which authorize one co-proprietor to refuse permission to another to raise a separation between them on the land of both." *Crocker* v. *Blanc*, 2 La. 532. These authorities are conclusive.

CARRIGAN
v.
DeNeufbourg

The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff and defendant are owners of contiguous lots of ground in the Second Municipality. The plaintiff built a wooden house on his lot, but left a space for a passage between the house and the division line. The defendant built a wall of his house, which he was erecting, on the line, and took seven and a half inches of the land of the plaintiff to place his wall upon. This suit is for the removal of the wall, and damages for the alleged trespass. There was judgment for the plaintiff, and the defendant has appealed.

Neither of the lots are surrounded by walls. The wall erected by the defendant is of brick. No objection is raised as to the precise quantity of the plaintiff's land taken for the wall, but the right to take any, or to abridge the passage on the plaintiff's land in any manner, is denied, and the case has been argued on the law of party walls as established by the Code.

Article 671, which gives the right to the owner who first builds in a place not surrounded with walls to rest half his wall on the land of his neighbor, provided he build in a certain manner, we think must be held as establishing an urban servitude with which urban property is encumbered, without reference to title or the agreements of parties, Civil Code 662, 670. We do not think that any constitutional question as to the enforcement of this right arises in this case, which presents a naked question of law under the provisions of the Code.

Article 671 existed in the Code of 1809, and a large proportion of the buildings of the city contain party walls, particularly in those parts in which the land is most valuable. It is acted upon every day, and is well understood by architects and workmen. Notwithstanding the great difficulty of exercising the right it confers, it rarely gives rise to any litigation. The cases of *Larche* v. *Jackson*, and *Crocker* v. *Blanc*, appear to us to be conclusive, as to the objections raised by the counsel for the plaintiff in argument.

The privilege exercised in the carrying into effect of this servitude does not appear to have been used with any want of proper care, or any disregard of the rights of the plaintiff. The witnesses appear to base their estimate of damages, on the absence of any right on the part of the defendant to construct the wall on any portion of the land of the plaintiff. Assuming that right to exist, there is no sufficient evidence of any damage. *Looney* v. *High*, 13 La. 272.

The judgment of the District Court is, therefore, reversed; and judgment rendered for the defendant, with costs in both courts.